

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

March 22, 2021

R. David Baker
Federal Public Defender's Office (MDTN)
810 Broadway
Suite 200
Nashville, TN 37203
(615) 736-5047
Email: david_baker@fd.org

**BY EMAIL**

    Re:    *United States v. Bryan Wayne Ivey,* Volume 1 of Informal Discovery
              Case No. 21-mj-273

Dear Counsel:

    Enclosed please find a USAFx file, Volume 1 of Informal Discovery, which contains the following materials:

    (1) Interview Report of Bryan Wayne Ivey
    (2) Recorded interview of Bryan Wayne Ivey
    (3) Publicly available Parler video of Bryan Wayne Ivey
        (https://projects.propublica.org/parler-capitol-videos/?id=Fw8gshXuwqLs)
    (4) NCIC of Bryan Wayne Ivey
    (5) Subpoena return from AT&T (11 files)
    (6) Subpoena return from Google (3 files)

    Please also note that a subpoena was issued to Parler and no account was identified.

    Please also note that a publicly available video on Twitter (available at https://twitter.com/BGOnTheScene/status/1346904244008456193) depicts the defendant, Bryan Wayne Ivey. A screenshot is provided below.



  Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution. These materials may include, but are not limited to, surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips.  The government is working to develop a system that will facilitate access to these materials.  In the meantime, please let me know if there are any categories of information that you believe are particularly relevant to your client.

  Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

  As we discussed on Thursday, March 18, 2021, I will be able to provide you with additional discovery after entry of a protective order in this case. During our discussion, we mutually agreed to wait until completion of discussions between the D.C. Federal Defender and the U.S. Attorney's Office for the District of Columbia regarding the protective order.

  I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16.  I will provide timely disclosure if any such material comes to light.  Consistent with *Giglio, Ruiz,* and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

2

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries.  I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial.  See Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975).  I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant(s) plans to use one of the defenses referenced in those rules.  Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available.  If you have any questions, please feel free to contact me.

Sincerely,

Leslie A. Goemaat
Assistant United States Attorney

Enclosures