UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:21-cr-267 (CRC) |
| v. : | |
| : | |
| BRYAN WAYNE IVEY, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S
SENTENCING MEMORANDUM**

In this case, where the defendant stands convicted of a petty offense, the government has urged the Court to impose a sentence that includes a 14-day term of imprisonment followed by a term of probation, also known as a "split sentence." *See* ECF 34, at 24-34. In his response (ECF 42), the Defendant argues that the Court lacks the statutory authority to impose a split sentence when, as here, a court is sentencing a defendant for a single petty offense conviction. Those arguments are flawed.

**I.    The relevant statutory language permits imposition of a split sentence where a defendant is convicted of a single petty offense.**

Under 18 U.S.C. § 3561(a)(3), a defendant may be sentenced to a term of probation "unless . . . the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense." 18 U.S.C. § 3651(a)(3). The plain text of Section 3561(a)(3) thus authorizes a sentencing court to permit a split sentence for a petty offense conviction. *See* ECF 34, at 26-31. Section 3561(a) sets out a default rule that probation is permitted for a defendant "found guilty of an offense," but carves out an exception where that defendant "is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense." 18 U.S.C. § 3561(a)(3). That language provides this Court with "unquestionab[le] . . . statutory

authority" to impose probation on a defendant, such as the Defendant, who is "sentenced at the same time to a term of imprisonment for the same . . . offense that is not a petty offense." *United States v. Posley*, 351 F. App'x 807, 809 (4th Cir. 2009) (unpublished).[1]  That is particularly so because when Congress added the phrase "that is not a petty offense" to Section 3561(a)(3) in 1994, Congress appended it to the end of the integrated phrase—"the same or a different offense"—that Congress enacted through the Sentencing Reform Act of 1984.  Pub. L. No. 98–473, §§ 211–212, 98 Stat. 1837.

      The Defendant agrees that Section 3651(a) permits a sentencing court to impose a split sentence, but contends (ECF 42, at 14) that that statutory provision permits a split sentence only where a defendant is sentenced to multiple offenses and at least one is a petty offense.  That limited reading, however, does not accord meaning to the phrase "the same." *See Posley*, 351 F. App'x at 809.  To be sure, the parties here agree that a sentencing court has authority to impose a split sentence where a defendant is sentenced to imprisonment for a petty offense and probation for any other—that is, a "different"—offense.  But the Defendant identifies no persuasive textual reason to cabin a sentencing court's authority to only that situation.  This Court may—and should here—impose probation where it imposes a term of imprisonment for the "same" petty offense.

      None of the Defendant's other counterarguments has merit.  First, the Defendant contends that, under a "grammatical" reading, Congress's use of the word "that" in the phrase "that is not a petty offense" denotes a restrictive relative clause that applies only to the phrase "different offense" in Section 3561(a)(3).  ECF 42, at 12-13.  But that interpretation makes a hash of the phrase "the same or different offense" in Section 3561(a)(3), leaving behind a sentence that is not only

---

[1] Despite the fact that *Posley* is the *only* case squarely addressing the question presented, the Defendant relegates its discussion of *Posley* to a footnote.  *See* ECF 42, at 16 n.5.

ungrammatical but nonsensical: a defendant is ineligible for probation when he "is sentenced at the same time to a term of imprisonment" for either (1) "the same" or (2) "a different offense that is not a petty offense." In other words, if "that is not a petty offense" modifies only the phrase "a different offense," then the phrase "the same" stands alone. By contrast, interpreting "that is not a petty offense" to apply to "the same or a different offense" does not require breaking up that integrated phrase. Finally, to the extent Defendant relies on the "supposed *that-which* dichotomy," Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 143 (2012), a court should not hesitate to "override the punctuation" to "give effect to every word" in a statute, *id.* The interpretation the Defendant offers would make sense if Section 3561(a)(3) read "the same offense or a different offense," but that is not the statute that Congress enacted.

      Relatedly, the Defendant resorts to the last-antecedent canon to buttress his interpretation. That canon "reflects the basic intuition that when a modifier appears at the end of a list, it is easier to apply that modifier only to the item directly before it." *Lockhart v. United States*, 577 U.S. 347, 351 (2016); *see Barnhart v. Thomas*, 540 U.S. 20, 26 (2003). The last-antecedent canon is particularly apt "where it takes more than a little mental energy to process the individual entries in the list, making it a heavy lift to carry the modifier across them all." *Lockhart*, 577 U.S. at 351. But those concerns are not present in Section 3561(a)(3), where the interpretive question is to determine how the modifier—"that is not a petty offense"—applies not to a "list" or "list of entries" but instead to the phrase "the same or a different offense." As with the putatively "grammatical" reading the Defendant espouses, application of the last-antecedent canon such that the phrase "that is not petty offense" modifies only "a different offense" would result in a nonsensical sentence that leaves behind the phrase "the same."

The Defendant argues that the indefinite article "a" before "different offense" in Section 3561(a)(3) "cuts off the modifying phrase so that its backward reach is limited." (quoting Scalia & Garner, *supra*, at 149). But as noted in the government's sentencing memorandum (ECF 34, at 28), nothing in the statute's syntax, including the indefinite article, signals the absence of "carryover modification." Scalia & Garner, *supra*, at 148.

Finally, the Defendant's argument that the use of the disjunctive "or" tends to suggest separate meanings is misplaced here. The case upon which the Defendant relies, *United States v. Nishiie*, 514 F.3d 1013 (9th Cir. 2021), makes clear that terms separated by the disjunctive are given separate meanings "unless the context dictates otherwise." *Id.* at 1023 (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979)). As noted above, context does dictate otherwise here, where "or" is used as part of an entire integrated phrase, "the same or a different offense." One half of that phrase—"the same"—cannot stand without linking it to the noun it modifies—"offense"—on the other side of the phrase.

### II.   The conflict between Section 3551(b) and Section 3563(a)(3) is easily reconciled.

The Defendant contends that interpreting Section 3561(a)(3) to permit a sentencing court to impose imprisonment and probation for the same petty offense creates an "irreconcilable conflict" with 18 U.S.C. § 3551(b).[2] But the minor conflict between those provisions—a conflict that arose when Congress amended Section 3561(a)(3)'s language in 1994, *see* ECF 34, at 30—is readily reconciled.

Congressional action—and not the government's proposed interpretation—gives rise to a conflict between two sentencing provisions in Chapter 227. Congress indisputably sought to

---

[2] Section 3551(b) provides that a federal defendant shall be sentenced to "(1) a term of probation . . . ; (2) a fine . . . ; or (3) a term of imprisonment. . . ." Section 3551(b) further provides that a sentencing judge may impose a fine "in addition to any other sentence."

4

abolish split sentences under the Sentencing Reform Act of 1984, and the two provisions relevant to the question of a sentencing court's authority to impose a split sentence spoke in unison in the 1984 legislation: Section 3551 made clear that a court must choose between a fine, imprisonment, and probation, and Section 3561(a)(3) similarly prohibited probation when "the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense." Pub. L. No. 98-473, at § 212; *see United States v. Anderson*, 787 F. Supp. 537, 539 (D. Md. 1992) (noting that the Sentencing Reform Act did not permit "a period of 'straight' imprisonment . . . at the same time as a sentence of probation"). But as the Defendant acknowledges (ECF 42, at 14), Congress's 1994 amendment of Section 3561(a)(3) clearly authorized a sentencing court to impose a sentence that includes both probation and imprisonment, even though that authorization conflicts with the broad prohibition in Section 3551(b).

Resolving that conflict requires interpreting the later-enacted narrow carve-out for split sentences in a petty offense case as an exception to the general prohibition on split sentences in federal criminal sentencing. *See* ECF 34, at 29 (citing *Morton v. Mancari*, 471 U.S. at 535, 550-51 (1974)). Despite its concession that a split sentence is permissible when a defendant is being sentenced on multiple convictions where at least one is for a petty offense, *see* ECF 42, at 14, the Defendant argues inconsistently that the 1994 amendment to Section 3561(a)(3) did not authorize a split sentence "in any circumstance," *id.* at 18. The concession is correct, and the argument is not. And if a sentencing court can resolve the conflict between the broad prohibition against split sentences in Section 3551(b) and the narrow permission for split sentences in Section 3561(a)(3) for cases involving multiple convictions, there is no reason a sentencing court cannot do the same in a case—such as this one—involving a single petty offense conviction.

### III. The Defendant's remaining arguments lack merit.

None of the Defendant's other arguments suggests a different conclusion. For example, the Defendant posits (ECF 42, at 22) that the government's proposed interpretation yields absurd consequences that "make[] zero sense" largely because a defendant sentenced for a Class A misdemeanor could face only a year of supervised release following imprisonment whereas a defendant serving a split sentence on a petty offense could face up to five years of probation following a statutory maximum term of six months. That comparison is a false equivalency that overlooks other statutory provisions. A sentencing court imposing sentence for a Class A misdemeanor could impose twice the statutory maximum term of imprisonment available for a petty offense—a year instead of six months, *cf.* 18 U.S.C. § 3559(a)(6) & (7)—and then impose a one-year term of supervised release, *see* 18 U.S.C. § 3583(b)(3). But a sentencing court could also impose a five-year term of probation on a defendant facing a Class A misdemeanor and, as a condition of probation, require that defendant to serve intermittent confinement in Bureau of Prisons custody "totaling no more than the lesser of one year . . . during the first year of probation." 18 U.S.C. § 3563(b)(10). Those sentencing options create no anomalies with an interpretation of Section 3651(a)(3) that permits a split sentence for a single petty offense conviction.

The Defendant invokes (ECF 42, at 22-24) legislative history to support his interpretation. But legislative history "is meant to clear up ambiguity, not create it." *Milner v. Dep't of Navy*, 562 U.S. 562, 574 (2011). As noted in the government's sentencing memorandum (ECF 34, at 26), an amendment that Congress considered but did not enact supported the Defendant's interpretation. But Congress ultimately adopted different language, and in any event, "'mute intermediate

legislative maneuvers' are not reliable indicators of congressional intent." *Mead Corp.* v. *Tilley*, 490 U.S. 714, 723 (1989) (citation omitted).

The Defendant also invokes the rule of lenity. The rule of lenity "only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended." *Barber v. Thomas*, 560 U.S. 474, 488 (2010) (citation and internal quotation marks omitted); *see Shular v. United States*, 140 S. Ct. 779, 789 (2020) (Kavanaugh, J., concurring). In other words, the rule of lenity "does not apply when a law contains some ambiguity" or is merely "difficult to decipher." *Wooden v. United States*, No. 20-5279, 595 U.S. --- (2022) (Kavanaugh, J., concurring) (slip. op. at 1). The rule of lenity has no application here. For the reasons given in the government's sentencing memorandum and above, Section 3561(a)(3)'s text when interpreted in context authorizes a sentencing to impose a split sentence on a defendant convicted of a single petty offense conviction.

Finally, the Defendant argues (ECF 42, at 26-27) that the doctrine of constitutional avoidance militates in favor of his reading. That argument is doubly flawed. First, similar to the rule of lenity, the "canon of constitutional avoidance comes into play only when, after the application of ordinary textual analysis, the statute is found to be susceptible of more than one construction," at which point it supplies "a means of choosing between them." *Clark* v. *Martinez*, 543 U.S. 371, 385 (2005) (emphasis omitted). For all of the reasons explained above, Section 3561(a)(3) cannot reasonably be read in the manner the Defendant advocates.

But second, even if Section 3561(a)(3) were susceptible to multiple constructions, the Defendant's constitutional concerns are unfounded. Both appear to argue that permitting a split sentence for a single petty offense conviction may change the analysis on whether a defendant is

7

constitutionally entitled to a jury trial. As an initial matter, the Defendant does not explain how the potential constitutional availability of a jury trial has any relevance to how to interpret statutes addressing the potential punishments for conviction.[3] In any event, the Supreme Court has emphasized that the "primary emphasis" in determining an offense's seriousness "must be placed on the maximum authorized period of incarceration." *Blanton v. North Las Vegas*, 489 U.S. 538, 541 (1989). Imposing a split sentence for a petty offense would not alter the applicable statutory maximum.[4]

\*\*\*

For the reasons given here and in the government's sentencing memorandum, the Court has the authority to impose a 14-day term of imprisonment followed by a term of probation. That is an appropriate sentence in this case.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:   /s/ *Leslie A. Goemaat*
LESLIE A. GOEMAAT
MA Bar No. 676695
Assistant United States Attorney
Fraud, Public Corruption, and Civil Rights Section
U.S. Attorney's Office
555 4th Street, N.W., Room 5840

---

[3] To be sure, whether a defendant is entitled to a jury trial turns in part on the punishment that he or she faces upon conviction. *See Blanton v. North Las Vegas*, 489 U.S. 538, 541 (1989). But the Defendant does not cite any authority for the proposition that interpretation of sentencing and probation statutory provisions turns on whether the right to a jury trial does or does not attach to the underlying offense.

[4] The Defendant attaches significance to the Supreme Court's description in *United States* v. *Nachtigal*, 507 U.S. 1 (1993) (per curiam) of probation as an "alternative to incarceration" for a petty offense. *Id.* at 2. But that sentence simply described the then-operative prohibition against split sentences in all circumstances before the 1994 amendment.

Washington, D.C.  20530
Office: 202-803-1608
Leslie.Goemaat@usdoj.gov

*/s/ James I. Pearce*
James I. Pearce
Appellate Counsel to the Capitol Siege Section
United States Attorney's Office
NC Bar No. 44691
555 Fourth Street, N.W.
Washington, DC 20530
James.Pearce@usdoj.gov
(202) 532-4991